UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RODNEY UNDERWOOD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:18-CV-676 RWS |
| JACOB COSTELLO, et al., | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Rodney Underwood[1] for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the filing fee and will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Furthermore, the Court will direct plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**The Complaint**

Plaintiff has filed this complaint against defendants Jacob Costello and Forrest Wegge. (Docket No. 1 at 1). His complaint has been typed, but is not on a Court-provided form.

In the section of plaintiff's complaint captioned "claim: trespass; injury," Plaintiff alleges that defendants have trespassed onto his property. He states that "the causal agent of the trespass, comes by way of its use of a deficient claim." He further states that the "wrong and harm" started on August 1, 2016, and has continued to the present day. Plaintiff's complaint does not add any

---

[1] In the case caption, and throughout the complaint, plaintiff refers to himself as "i: a man." However, he has signed the complaint and the motion for leave to proceed in forma pauperis as Rodney Underwood.

further detail regarding the manner of the alleged trespass, the nature of the injury that defendants allegedly caused, or what plaintiff means when he states that the trespass came about by defendants' "use of a deficient claim."

In the section captioned "right to pursue a claim," plaintiff states that he requires the "use of this venue as a court of record to seat a jury" that can "determine and render a verdict as to who has the lawful right to tender and administer my property." (Docket No. 1 at 2).

In the section captioned "jurisdiction," plaintiff states that "i: a man [enter] my case…into Federal Court." He asserts that he pays money into a federal court, thereby admitting the jurisdiction of such court;[2] that a federal court is a court of record; that "the magistrate is independent of the tribunal" in a court of record; and that a court of record "acts in accordance with common law." Plaintiff cites to the Seventh Amendment for the proposition that the right to a trial by jury shall be preserved. He also states that the "jury can take upon themselves and determine at their own hazard the questions of fact and law."

In the section captioned "venue," plaintiff reasserts that he is entering his case into "Federal Court," and that the "Federal Court is to convene at…a public courthouse (venue)." (Docket No. 1 at 3). Plaintiff states that "my case lies" in the United States District Court, Eastern District of Missouri. He further states that "the [n]ame of the public courthouse varies," but that "at all times, my case lies in Federal Court."

In two sections, respectively captioned "signature" and "verification," plaintiff states that all documents placed into his "case file" must be affixed with the "wet ink (blue ink) signature of its creator." Plaintiff states that documents lacking a "wet ink" signature will be void.

---

[2] For this assertion, plaintiff cites to Joseph Chitty, <u>A Treatise on the Parties to Actions, the Forms of Actions, and on Pleading</u> 444 (1851).

Plaintiff seeks compensation in the amount of fifty thousand dollars for the alleged injury caused by defendants.

**Discussion**

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Here, plaintiff's complaint does not allege facts providing for either federal question or diversity of citizenship jurisdiction.

### A. Federal Question Jurisdiction

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction"). Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

No federal question appears on the face of plaintiff's complaint.[3] Plaintiff does not allege that his claims arise out of any particular federal law. The jurisdictional section of his complaint consists of seven statements that have no relevance or bearing on the issue of this Court's jurisdiction. (Docket No. 1 at 2). For instance, plaintiff asserts that he pays "money into a Federal Court," that a "Federal Court is a court of record," that in "a court of record, the magistrate is independent of the tribunal," and that a "court of record acts in accordance with common law." None of these propositions establish that federal law creates his cause of action, or that his right to relief depends on resolving a substantial issue of federal law.

---

[3] On the Civil Cover Sheet, plaintiff checked the box marked "Federal Question" as the basis of jurisdiction. (Docket No. 1-1 at 1).

A claim brought pursuant to 42 U.S.C. § 1983 "arises under federal law and will support federal-question jurisdiction pursuant to § 1331." *Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015). However, plaintiff's complaint lacks any allegations to support a § 1983 action, because he has not alleged that the defendants were acting under color of state law, and he has not alleged that he has suffered a violation of his constitutional rights. *See Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008) ("Section 1983 creates a cause of action against a person acting under color of any statute of any State who deprives another of a federally protected right"). Accordingly, plaintiff has failed to adequately allege federal question jurisdiction.

### B. Diversity Jurisdiction

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id. See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002).

Here, plaintiff has not alleged facts suggesting that diversity of citizenship jurisdiction exists. Based on the paucity of facts in plaintiff's complaint, it is unclear whether plaintiff and defendants are citizens of different states. *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("Complete diversity of citizenship exists where no defendant holds

5

citizenship in the same state where any plaintiff holds citizenship"). On the Civil Cover Sheet, plaintiff checked two different boxes in the citizenship section, stating that he is both a "Citizen or Subject of a Foreign Country" and that he is a "Foreign Nation." (Docket No. 1-1 at 1). He also provides a post office box in Crystal City, Missouri, as his mailing address. (Docket No. 1 at 3). As to the defendants, Plaintiff alleges no facts whatsoever concerning the citizenship of either Jacob Costello or Forrest Wegge. Without knowing the citizenship of the defendants, it is unclear whether complete diversity of citizenship exists. With regards to jurisdictional amount, plaintiff has requested compensation in the amount of fifty thousand dollars. (Docket No. 1 at 1). This amount is below the jurisdictional threshold of seventy-five thousand dollars. Accordingly, plaintiff's complaint has failed to adequately allege subject matter jurisdiction based on diversity of citizenship.

Based on a review of plaintiff's complaint, the Court is unable to determine whether subject matter jurisdiction exists. Therefore, the Court will order plaintiff to show cause as to why this action should not be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall show cause, in writing and **no later than twenty-one (21) days from the date of this Order**, why plaintiff's case should not be dismissed for lack of subject matter jurisdiction.

Dated this 25th day of June, 2018.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE